IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

CARMEN PÉREZ,

Plaintiff,

v.                                      CIV. NO.: 11-1953(SCC)

SOC. SEC. ADMIN.,

Defendant.

## MEMORANDUM AND ORDER

Rather than answer Petitioner Carmen Pérez's complaint, the Government filed a motion to dismiss. Because necessary documentation was not attached to that motion, and because it is in any case meritless, the motion is denied.

Pursuant to the Social Security Act, a person may seek judicial review of a final decision of the Commissioner of Social Security denying her disability benefits within sixty days "after the mailing to [her] of notice of such decision." 42 U.S.C. § 405(g). According to the Government, this period of time

expired on September 21, 2011, and because Petitioner's complaint was not filed until September 28, 2011, her petition is barred. *See* Docket No. 25, at 3–4. The initial problem with the Government's motion is that although it is called a motion to dismiss, it requests relief on the basis of information not found in the pleadings. This requires the Court to treat the motion as one for summary judgment. *See* FED. R. CIV. P. 12(d). This is impossible, however, because the Government failed to file any documentary evidence supporting the facts on which it asks this Court to rely. Though this seems to have been inadvertent,[1] it is nonetheless fatal to the Government's motion.

As it turns out, however, Petitioner admits the Government's facts and adds others. *See* Docket No. 26, at 1–2. These facts show that the relief the Government requests would be rejected even if the Government had properly supported its motion. Petitioner first sent her complaint to the Court on September 14, 2011, well within the statute of limitations. The

---

**1.** The Government's motion refers to a "Declaration of James Jones," which it says "states the relevant procedural history" and is "attached" to the motion. Docket No. 25, at 3 n.1. However, no such declaration is in fact attached, and even after Petitioner pointed this fact out, *see* Docket No. 26, at 1, the Government failed to file it.

complaint was rejected, however, because it failed to have attached a money order made out to the Clerk; instead, it had attached a money order payable to the Commissioner. A new complaint, with a corrected money order, was sent on September 23, 2011, two days after the Government contends the limitations period expired.[2]

Precedent suggests that under these circumstances, the complaint should be considered timely filed, as the late-filed corrected complaint relates back to the date of the original, misfiled complaint. The First Circuit has noted that "[t]he advance payment of a filing fee is generally not a jurisdictional prerequisite to a lawsuit." *Casanova v. Dubois*, 304 F.3d 75, 80 (1st Cir. 2002); *see also Bowen v. City of New York*, 476 U.S. 467, 478 (1986) (holding that § 405(g)'s "60-day requirement is not jurisdictional"). As such, the Circuit has suggested that filing fee requirements are subject to equitable principles. *See id.* ("[W]e are satisfied that the appellants appear to have done everything within their power to comply with the filing fee provisions of the court . . . ."); *see also Bowen*, 476 U.S. at 480 (holding that equitable tolling principles apply to the 60-day

---

**2.**   It was then received by the Clerk's office on September 26, 2011, and docketed on September 28.

requirement). Given these background principles, at least one other court in this Circuit has expressed, under similar circumstances, a disinclination to find a complaint time-barred. *See Romani v. Comm'r of Soc. Sec.*, Civ. No. 03-11276, 2006 WL 3827442, at *2 (D. Mass. Dec. 27, 2006).

As *Romani* noted, courts in similar situations have come to different conclusions. The Government's position is best supported by *Keith v. Heckler*, 603 F. Supp. 150 (E.D. Va. 1985).[3] In that case, as here, the local rules required advance payment of filings fees, meaning that the clerk had properly rejected the complaint when it was originally filed. *See id.* at 156. Because of that fact, the court refused to rule that the corrected complaint related back to the date of the original filing, and it held that the petitioner's complaint was time-barred. *Id.* at 157; *see also Wanamaker v. Columbian Rope Co.*, 713 F. Supp. 533, 538–39 (N.D.N.Y. 1989) (following *Keith*). On the other side are cases such as *Rodgers ex rel. Jones v. Bowen*, which held that because the statute of limitations was non-jurisdictional, a failure to pay a filing fee cannot operate to bar an otherwise properly-commenced action. 790 F.2d 1550, 1552 (11th Cir. 1986) (citing

---

**3.** I note, however, that the Government's motion failed to cite *Keith*—or any other case with similar facts—in support of its position.

*Parissi v. Telechron, Inc.*, 349 U.S. 46, 47 (1955) (per curiam) (holding that the late payment of a filing fee "did not vitiate the validity of petitioner's notice of appeal")). Similarly, the Third Circuit, in *McDowell v. Delaware State Police*, has held that while "a complaint is not formally filed until the filing fee is paid," a complaint should be considered "constructively filed as of the date the clerk received the complaint—as long as the plaintiff ultimately pays the filing fee." 88 F.3d 188, 191 (3d Cir. 1996) (citing *Rodgers*, 790 F.2d at 1551–52); *see also Wrenn v. Am. Cast Iron Pipe Co.*, 575 F.2d 544, 547 (5th Cir. 1978) (similar), *overruled in part on other grounds by*, *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147 (1984); *Smith v. Planned Parenthood of St. Louis Region*, 327 F. Supp. 2d 1016, 1020 (E.D. Mo. 2004) (similar).

The First Circuit has not weighed in on this dispute, *see Romani*, 2006 WL 3827442, at *1 (noting lack of ruling), but the First Circuit has made what can be read as critical comments regarding *Keith*, *see Casanova*, 304 F.3d at 80 (deciding the case "[r]egardless of whether the analysis in *Keith* could withstand scrutiny"); *see also McGill v. U.S. Express Truck Co.*, 290 F. App'x 373, 374 (1st Cir. 2008) ("Where an IFP application is subsequently granted, the complaint is deemed timely if it was presented to the court along with the IFP motion within the

limitations period."). It is notable, though, that at least six other courts of appeals—the Third, Fourth,[4] Fifth, Seventh,[5] Ninth,[6] and Eleventh Circuits—have rejected *Keith*'s reasoning.[7] Given these rulings, as well as the fact § 405's statute of limitations is controlled by equitable principles, I cannot conclude that Petitioner's complaint is time barred. After all, it was originally filed within the statute of limitations and was correctly filed only two days outside it. In such circumstances, I find that

---

4.  *Robinson v. Yellow Freight Sys.*, 892 F.2d 74, at *2 (4th Cir. 1989) (unpublished) (holding that "filing a complaint requires nothing more than delivery to a court officer authorized to receive it" (internal quotations omitted)).

5.  *Robinson v. Doe*, 272 F.3d 931, 922–23 (7th Cir. 2001) (Posner, J.) (holding that a "complaint is 'filed' for the purposes of [a statute of limitations] when the court clerk receives the complaint, not when it is formally filed in compliance with all applicable rules involving fees and the like").

6.  *Baker v. La Cumbre Mgt. Co.*, 9 F. App'x 752 (9th Cir. 2001) ("A complaint is filed when it is placed in possession of the clerk of the court. The filing fee prescribed by 28 U.S.C. § 1914 is not a jurisdictional requirement." (internal citations omitted)).

7.  I am thankful for the Bankruptcy Court for the Northern District of Alabama's opinion in *In re BFW Liquidation, LLC*, Bankr. No. 09-634, 2011 WL 6160754 (Bankr. N.D. Ala. Sept. 26, 2011), which has done much of the work in collecting these cases.

Petitioner has "done everything in [her] power to comply with the filing fee provisions of the court," and so has "made out a sufficient case for timely filing." *Id.* As such, the motion to dismiss is DENIED. I further note that the Government's failure to file the record in this case has made it impossible to rule on the merits at this time. *Cf.* LOC. CIV. R. 9(a) (requiring the filing of the record within 90 days after service of the Commissioner). The record, along with the Government's memorandum of law, is due within 30 days, and the Court does not intend to grant any motions for extensions of time.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 8th day of September, 2014.

S/ SILVIA CARREÑO-COLL

UNITED STATES MAGISTRATE JUDGE